IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. LUNA, ) | |
|        Plaintiff ) | C.A. No. 15-248 Erie |
| ) | |
| v. ) | |
| ) | District Judge Rothstein |
| COURT OF COMMON PLEAS and ) | Magistrate Judge Baxter |
| ERIE COUNTY PRISON, ) | |
|        Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the motions to dismiss filed by Defendant Erie County Prison [ECF No. 15] and Defendant Court of Common Pleas [ECF No. 18] be granted, and that this case be dismissed.

**II.  REPORT**

**A**.  **Relevant Procedural History**

Plaintiff, an inmate formerly incarcerated at the Erie County Prison in Erie, Pennsylvania, ("ECP"),[1] initiated this civil rights action on October 9, 2015, by filing a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Defendants Court of Common Pleas ("CCP") and Erie County Prison ("ECP"). Plaintiff alleges that he has been "forced to involuntary servitude," been "held illegally," and been subject to cruel and unusual punishment, in violation of his constitutional rights. (ECF No. 5, Complaint, at Section IV.C).[2] No other factual allegations are

---

[1] According to the docket, Plaintiff currently resides at 1729 West 14th Street, Erie, Pennsylvania.

[2] In particular, Plaintiff alleges that Defendants have violated Article I, Section 9, Article III, Article IV, Section 2, and the fourth, fifth, sixth, seventh, eighth, and fourteenth amendments of the United States Constitution. (ECF No.

1

provided in the complaint, although Plaintiff has since clarified that his alleged involuntary servitude arose from being forced to clean and work involuntarily, and that he was wrongfully imprisoned because he was found not guilty of the charges for which he was confined. (ECF No. 21, Plaintiff's Brief, at p. 1).

On March 21, 2016, Defendant ECP filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia,* that it is not a proper entity that is subject to a civil rights action. [ECF No. 15]. On March 23, 2016, Defendant CCP filed its own motion to dismiss arguing, *inter alia*, that it is entitled to Eleventh Amendment immunity and, alternatively, is not a "person" who can be sued under 42 U.S.C. § 1983. [ECF No. 18]. Plaintiff has since filed a brief in response to each of Defendants' motions. [ECF Nos. 21, 23]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

---

5, Complaint, at Section III).

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v.

3

Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

### 1. Defendant ECP

Defendant ECP argues, *inter alia*, that Plaintiff's claims against it should be dismissed because it is not a proper party amenable to suit under 42 U.S.C. § 1983. The Court agrees. "In the Third Circuit, it is well-settled that a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws." Regan v. Upper Darby Twp., 2009 WL 650384 (E.D.Pa. 2009), aff'd 363 Fed. Appx. 917 (3d Cir. 2010) (listing cases). Thus, Plaintiff's claims

4

against Defendant ECP should be dismissed.

### 2. **Defendant CCP**

Defendant CCP asserts, *inter alia*, that Plaintiff's claims against it are barred by Eleventh Amendment immunity. The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

In Benn v First Judicial District, 426 F.3d 233 (3d Cir. 2005), the Third Circuit ruled that Pennsylvania's court entities, such as CCP, are state entities entitled to full Eleventh Amendment immunity. See also Reiff v. Philadelphia Court of Common Pleas, 827 F.Supp. 319 (E.D.Pa. 1993) (Court of Common Pleas of Philadelphia is a state entity which cannot be sued under § 1983); Robinson v. Court of Common Pleas of Philadelphia, 827 F.Supp. 1210 (E.D.Pa. 1993) (Court of Common Pleas of Philadelphia County is a state entity entitled to Eleventh Amendment immunity). Moreover, as an agency or arm of the Commonwealth of Pennsylvania, Defendant Erie County Court is not a "person" against whom a civil rights action may be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against Defendant CCP should be dismissed.

### III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motions to dismiss filed by Defendant Erie County Prison [ECF No. 15] and Defendant Court of Common Pleas

[ECF No. 18] be granted, and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: November 14, 2016

cc: The Honorable Barbara Rothstein
United States District Judge